# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

COLLEGEY, INC.,                          )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )
                                         )  C.A. No. N25C-02-359 CLS
SYED KHALID JAMAL,                       )
                                         )
    Defendant.                           )

Date Submitted: November 17, 2025
Date Decided: February 27, 2026

*Upon the Defendant's Motion for Reargument*. **GRANTED.**

## **ORDER**

Joe Yeager, Esquire of MARGOLIS EDELSTEIN, *Attorney for Plaintiff*.

Margaret M. DiBianca, Esquire of DIBIANCA LAW, LLC, *Attorney for Defendant*.

**SCOTT, J.**

Having considered Defendant's Motion for Reargument[1] and Plaintiff's Opposition,[2] it appears to the Court that:

1. Collegey, Inc. ("Collegey"), is a Delaware corporation that creates and consolidates collaborative intellectual property.[3] Suchita Ohri Aggarwal is Collegey's Chief Financial Officer and a 50% shareholder.[4] Defendant Syed Khalid Jamal holds the other 50% of Collegey shares and serves as the Chief Executive Officer. Ms. Aggarwal and Mr. Jamal also comprise Collegey's board of directors.[5]

2. This matter arises from a contract between Collegey and Mr. Jamal. Collegey and Mr. Jamal entered into a Confidential Information and Invention Assignment Agreement (the "Agreement").[6] Under the Agreement, Mr. Jamal "agreed not to use [Collegey's] confidential information for personal gain or outside purposes without written authorization nor . . . assign . . . intellectual property rights created during the relationship" with Collegey.[7]

---

[1] *See generally* Defendant's Motion for Regarument, D.I. 20 ("MFR").
[2] *See generally* Plaintiff's Opposition to Defendant's Motion for Reargument, D.I. 21 ("Resp. to MFR").
[3] The facts are drawn from the allegations in the Amended Complaint. *See* Amended Complaint, at ¶¶ 5, 7, D.I. 9 ("Amended Compl.").
[4] *Id.* ¶ 7.
[5] *Id.*
[6] *Id.* ¶ 13.
[7] *Id.* ¶ 15.

3. In 2023, Mr. Jamal allegedly breached the terms of the Agreement by assigning Collegey-owned inventions to, and using Collegey's domain name for, an unrelated company.[8]

4. On February 13, 2025, Collegey filed a complaint alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of the fiduciary duty of loyalty.[9]

5. On May 1, 2025, Mr. Jamal filed a motion to dismiss the case or transfer, arguing that the Court lacked subject matter jurisdiction under Superior Court Civil Rule 12(b)(1).[10]

6. Plaintiff then filed an Amended Complaint on May 28, 2025, which removed the breach of the fiduciary duty of loyalty claim. Accordingly, the Amended Complaint asserts one count for breach of contract and one count for the breach of the implied covenant of good faith and fair dealing.[11]

7. On June 10, 2025, Mr. Jamal filed a Motion to Dismiss the Amended Complaint, arguing that Collegey failed to state a claim under Rule 12(b)(6) because Ms. Aggarwal, as a director, lacks standing to bring the action on behalf of Collegey,

---

[8] Amended Compl. ¶¶ 32–33.
[9] *See generally* Complaint, D.I. 1 ("Compl.").
[10] *See generally* Defendant's Motion to Dismiss or Transfer, D.I. 7.
[11] Amended Compl. ¶¶ 29–44.

and asked the Court for attorney's fees and costs as a result of filing duplicative motions to dismiss.

8. The Court issued its initial Order denying Mr. Jamal's Motion to Dismiss the Amended Complaint on November 6, 2025.[12] On November 12, 2025, Mr. Jamal filed the instant Motion for Reargument. Collegey filed a response on November 17, 2025.

9. On a motion for reargument under Superior Court Rule of Civil Procedure 59(e), the *Court will determine from the motion* and answer whether reargument will be granted. The only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[13] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[14] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[15] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a

---

[12] *Collegey, Inc. v. Jamal*, 2025 WL 3124443, at *1 (Del. Super. Nov. 6, 2025).
[13] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000).
[14] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[15] *Kennedy*, 2006 WL 488590, at * 1.

3

change in the law, or manifest injustice."[16] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[17]

10. In the Order on Mr. Jamal's Motion to Dismiss the Amended Complaint, the Court held that consideration of Ms. Aggarwal's standing to sue was not relevant because she was not named as a party and Collegey, as a corporation, has the capacity to enter into contracts and sue to enforce those contractual rights.[18]

11. Mr. Jamal argues that the Court incorrectly framed the issue as one of Collegey's standing as opposed to determining whether Collegey, on its own behalf, was "authorized to bring [the claims] under the circumstances."[19] Plaintiff contends that Mr. Jamal rehashes the arguments considered by this Court on the Motion to Dismiss.[20] The Court finds that Mr. Jamal has met his burden under Rule 59(e).

12. "'A cardinal precept' of Delaware law is 'that directors, rather than shareholders, manage the business and affairs of the corporation.'"[21] "The board's authority to govern corporate affairs extends to decisions about what remedial actions a corporation should take after being harmed, including whether the

---

[16] *Brenner*, 2000 WL 972649, at *1.
[17] *Newborn v. Christiana Psych. Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)
[18] *Collegey, Inc.*, 2025 WL 3124443, at *2.
[19] MFR at 1.
[20] *See generally* Resp. to MFR.
[21] *United Food and Com. Workers Union and Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1047 (quoting *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984), *overruled on other grounds*, 746 A.2d 244 (Del. 2000)); 8 *Del. C.* § 141(a).

corporation should file a lawsuit against its directors[.]"[22] An action by a corporation's directors is validly authorized "by a majority of a quorum of directors at a duly called and convened board meeting[,]" or where there is unanimous written consent by the directors.[23]

13. In the Court's initial Order on Mr. Jamal's issue, the Court misapprehended the issue, and therefore the controlling law, which changes the underlying outcome of the decision. Consequently, for Collegey to bring this lawsuit on its own behalf, it needs valid authorization from its board of directors—Ms. Aggarwhal and Mr. Jamal.

14. The Amended Complaint does not allege that there was a majority of a quorum of directors at a duly called and convened board meeting authorizing Collegey to file a lawsuit against Mr. Jamal. There are also no allegations that Ms. Aggarwhal and Mr. Jamal unanimously agreed in writing to file the lawsuit.

15. The Court notes, however, that the circumstances here make it impossible for Collegey to file a lawsuit against one of its directors even though it has a valid cause of action. Where there are only two directors on the board, and one of the directors is alleged to have harmed the corporation, that director will never authorize a lawsuit against himself. Complicating matters further, Mr. Jamal and Ms.

---

[22] *Id.*

[23] *Foley v. Session Corp.*, 345 A.3d 537, 553 (Del. Ch. Sept. 9, 2025) (citing 8 *Del. C.* § 141(b), (f)).

Aggarwhal are also Collegey's only shareholders, each owning equal shares. Such a corporate structure will always create a deadlock when there is a disagreement amongst the board and encourage directors to act without the best interests of the corporation in mind.

16. Nevertheless, the Court concludes that Delaware precedent requires valid board authorization before a corporation may file a lawsuit on its own behalf against one of its directors, and the Amended Complaint does not allege that there was valid board authorization before Collegey filed the lawsuit against Mr. Jamal.

17. Finally, despite changing the outcome of Mr. Jamal's Motion to Dismiss, the Court will not award Mr. Jamal attorney's fees. "Delaware follows the 'American Rule' in awarding attorney's fees, which provides that 'a litigant must, himself, defray the cost of being represented by counsel.'"[24] A party may, however, be awarded attorney's fees if: (1) authorized by law; (2) they are contractually provided for; (3) a party acted in bad faith; (4) a party disregards a court order or is held in contempt; or (5) under the common benefit doctrine.[25]

18. Mr. Jamal argues that Collegey should be required to pay the fees and costs incurred for having to file a second motion to dismiss that avers the same arguments as its first motion to dismiss. Given that none of the exceptions to the American

---

[24] *In re Del. Pub. Sch. Litig.*, 312 A.3d 703, 715 (Del. 2024) (internal citations omitted) (internal quotation marks omitted).
[25] *Id.*

Rule applies to the facts here, the Court rejects Mr. Jamal's argument and will not require Collegey to pay Mr. Jamal's attorney's fees and costs.

19. In conclusion, for the foregoing reasons, Defendant's Motion for Reargument is **GRANTED**. Accordingly, Defendant's Motion to Dismiss the Amended Complaint is **GRANTED in part, DENIED in part**.


    **IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.
